UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREGORY PAUL VIOLETTE,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEN MASSOUH,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 20-40076-TSH |

**ORDER ON MOTION TO DISMISS (Docket No. 20)**

**MAY 26, 2021**

**HILLMAN, D.J.,**

Gregory Paul Violette ("Plaintiff"), a former inmate at FMC Devens now residing in Madison, Maine, filed this *pro se* complaint on June 22, 2020 against Ben Massouh, a kitchen supervisor at FMC Devens; Stephen Spaulding, the warden at FMC Devens; the Department of Justice; and the Bureau of Prisons. (Docket No. 1). On June 26, 2020, I granted Plaintiff's leave to proceed in *forma pauperis* but directed him to show cause within 21 days why his one-sentence allegation should not be dismissed for failure to state a claim, or alternatively to file an Amended Complaint to cure the pleading deficiencies. (Docket No. 4).

In accordance with that Order, Plaintiff filed the First Amended Complaint on September 17, 2020. (Docket No. 11). I accepted the First Amended Complaint but dismissed the claims against all defendants but Massouh, whom Plaintiff alleges sexually assaulted him at FMC Devens on December 22, 2019. (Docket No. 12). I also issued a service notice reminding Plaintiff that per Fed. R. Civ. P. 4(i), any person suing a federal employee in an individual

capacity must also serve the United States Attorney for the district where the action is brought and the United States Attorney General. R. 4(i)(1)(A)-(B). (Docket No. 14). Although Plaintiff was on clear notice that he must serve the United States to preserve his case and the Court provided him with mailing addresses and instructions on how to effect service on the United States, Plaintiff did not do so. The proof of service receipt submitted at Docket No. 14 shows that Plaintiff served Massouh on January 19, 2021, but not the United States. (Docket No. 16). The Government notes that Plaintiff has now had nearly nine months to properly effect service where the Federal Rules require service within 90 days. (Docket No. 21 at 6).

Plaintiff erroneously objects that service was proper, but it is plain from the record that the Court lacks jurisdiction to hear this case because Plaintiff has served neither the United States Attorney for the District of Massachusetts nor the Attorney General. Accordingly, the case is dismissed.

## Conclusion

The Government's motion to dismiss (Docket No. 20) is ***granted***, and Plaintiff's motion for an extension of time to file a response to the motion to dismiss (Docket No. 23) is ***denied as moot***. The case is dismissed.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**